Next case is Henry Mercier. I assume, versus the Department of Veterans Affairs, 2013-7042. Ms. Phillips. May it please the court? As a disabled veteran myself, I'm proud to represent Mr. Mercier before this court. On Mr. Mercier's reopened claims in 2001, the VA granted service connection for his right wrist disability, and they rated him at 50%. So there's no question that this right wrist disability was service connected. But this is a fact question, right? That is just in procedural history, Your Honor. This appeal concerns whether he's entitled to a... Whether there was, whether he had an injury when he entered the service, and whether there was aggravation, these are all fact questions. Why do we have jurisdiction? Your Honor, the VA concedes jurisdiction, that this is a question of law. One can't concede jurisdiction. I understand, Your Honor. The court has jurisdiction because Section 7292 provides for review for rule of law or any statute or regulation or any interpretation thereof. Whether the Veterans Court applies the correct legal standards to the RO's requirement to document its decision is a question of law. So is the standard of clear and unmistakable error, and how that was applied in this case. But the legal requirement to document the basis for a decision, this decision that you're relying on is the legal requirement that they explain that it was the natural progression of the disease, right? That is part of the issue, Your Honor. The first issue is whether the VA can immunize its pre-1990 decision from any review, because before 1990, DARA was not required to give its reasons and basis in its decision. And so what the VA tries to do is, using the law as it was in 1966, tries to wipe its hands of any pre-1990 decision that didn't, because the RO was not required to give its reasons and basis. But what that- I'm not exactly sure I read their brief that way. But what I, what I think the issue is that one need only describe a, whether or not something was a natural progression of a disease if there's an underlying determination that there was an aggravation in the first instance. Right. And there absolutely was aggravation here, and that is clear and unmistakable error in the VA's- Okay, but that question, whether or not there was evidence of an aggravation, that takes us back to Judge Lori's concern that that's a factual question, right? Right. And, and Your Honor, I need to describe some of the facts to explain the error of law. The error of law is first, well, two errors of law. The first is that the VA, as I said, wipes its hands of any pre-1990 decision because the RO was not required to give its reasons and basis. However, the RO has to give something in its decision for us to evaluate under the clear and unmistakable error standard whether a reasonable fact finder could only conclude that there was no aggravation here. And under that standard, I don't know how we can assess whether a reasonable fact finder could only conclude that there was no aggravation if we have nothing about the reason. Moreover, the, you know, it would be an absurd result, it would be an absurd result if nothing before 1990 were available for review under the clear and unmistakable error statute. The clear and unmistakable error statute, 38 U.S.C. section 7111, says that a decision by the board is subject to revision on the grounds of clear and unmistakable error. The VA's interpretation of the RO's requirement to document its decision gives that statute no effect. It writes that statute off the books and we cannot do that, Your Honor. As far as the clear and unmistakable error, the aggravation question, the standard here is in 1966 and the VA and I and Mr. Mercier agree on this point that the standard in 1966 is that the pre-existing injury disease will be considered to have been aggravated by active military service where there's an increase in disability during such service unless there's a specific finding that the increase in disability is due to the natural progress of the disease. The VA must rebut this presumption of aggravation by showing clear and unmistakable evidence and it must make a specific finding that the disease's natural progress caused the increase. The issue here is that no, under the clear and unmistakable error standard, which the Veterans Court just tried to write off the book, that there's no question this injury was aggravated in service. Mr. Mercier worked as a typist for five years on the old manual typewriting machine. He developed, after five years, he was promoted along, he was progressing well in his job in the military, in the Navy. He was working on carrier duty. He was in fleet operations. He was beating the keys on this old typewriter for five years. Then he gets hurt. He gets hurt and he develops pain so severe that the Navy recommends a bone graft surgery, which failed, and then he was discharged for his right wrist disability. The military found that he was disabled in the line of duty under a less veteran-friendly standard, I might add. So how, you know, he was doing a professional job until he got hurt and then he goes down the tubes after surgery and then he is discharged. How is there not aggravation here? The VA points to Davis in its brief and says that, you know, this is a temporary flare-up under Davis. First, there are several reasons why Davis doesn't apply, which we address in the brief. One of the key ones is that even under Davis, Mr. Mercier meets the standard. He lost his job as a typist in the Navy because of his wrist disability. Under Davis, this was not a temporary flare-up. You don't lose your job over temporary flare-ups. You lose your job when you are disabled and his discharge records say he is discharged for a physical disability. Because of this, the rating decision is clearly a product of clear and unmistakable error. The Veterans Court tries to wipe its hands of this and say, no, no, no. They don't have to give reasons. That's the third time you've used that expression. I apologize. You feel strongly about it. I apologize, Judge. I'll use some other expression next. So the R.O. decision, yes, it says something, but it tells us nothing. Under Natale v. Principi in 2004, this court held that the R.O. is not required to phrase its findings in the language of the regulation, but it must document something about its findings. And the R.O. made many statements about Natale's condition. They identified the causes, and they made the specific finding that the increased vision loss was due to the natural progress of the disease. It did not use the exact language of the regulation, but it was clear from that R.O.'s decision that the R.O. understood and considered the applicable regulations, the applicable standards. Here, there's nothing like the R.O. in Natale. Here, the R.O. makes a conclusory statement with nothing in the record to support it, that there was no service increase in the injury. I'll add that Natale relied on Pierce v. Principi, where this court held that in the absence of evidence to the contrary, in the absence of evidence to the contrary, the rating board is presumed to have made the requisite findings. Well, here, unlike Pierce, there is plenty of evidence to the contrary. He was discharged for disability. So, in Pierce, the Veterans Court tried again with this argument that the R.O. was not required to give the reasons and basis for its decision. It then applied the presumption of regularity to the 1945 decision in Pierce, and it said that the requisite finding is implicit and not inconsistent with the evidence in a record. Here, this rating decision is just wrong. It is just wrong, and under Pierce's standard, there is plenty of evidence in the record to contradict this rating decision. How can a veteran serve for five years as a typist on the old manual typewriter with no issues? He re-enlisted. He had two enlistment examinations, one in 1958 and one in 1961. He re-enlisted, he got promotions, and then he got hurt, had surgery. Again, we're going back to factual decisions. What they found was that he had the pre-existing injury, that any surgeries he had during service were to help him with that pre-existing injury, and that the later injury was to a different bone that wasn't in the wrist. Your Honor, they're saying that he had the pre-existing fracture in 1958, and that he had this, the court found that he had this fracture all throughout. There's a basketball injury in 1961. He's also hitting the manual typing machine for five years. I know, but they made a factual determination that that didn't cause an aggravation, and that, in fact, he had surgery for purposes of trying to remediate the original injury. I mean, I might not agree with that if I were the fact finder, but I'm not the fact finder. Your Honor, yes, and we're not here to argue facts. We're here to look at the clear and unmistakable error standard. I agree with you. We're not the fact finders. We're looking at the standard for clear and unmistakable error, and we're looking at the assertions with no evidence in the record to support it. I'd like to reserve the rest of my time for rebuttal, Your Honor. We will do that. Ms. Phillips, Mr. Grimaldi. Did the VA wash its hands of anything we have jurisdiction to hear? May it please the Court, Your Honor. To address jurisdiction first, we do believe that there is jurisdiction in this case because Mr. Meusser is challenging a Q error in a legal standard, arguing that the Q error happened in failing to rebut the presumption of aggravation. However, we do believe that what is underlying... That's a Q standard that is not new. And application of Q is an application of law to fact. Yes, Your Honor. And here, the argument that they are raising is that the... I would say that the error occurred completely in the legal sense, that there was a failure to rebut. Now, we believe what is actually driving... It's an evaluation of fact. Yes, Your Honor. The factual predicate here in this case is not only driving this case, which compels it, but is actually what is dispositive here. So when we reviewed jurisdiction, Your Honor, we did believe that the argument lay on the legal side. However, if this Court disagrees and finds there's no jurisdiction, obviously we would not object. But Your Honor, so you would say they're alleging a legal violation, but when you actually look, whether or not there was a legal violation turns on whether or not the underlying factual predicate for that legal obligation existed. Yes, Your Honor. Exactly that. Which, A, would give us jurisdiction as to the allegation, but we couldn't second-guess the underlying factual predicate determined. Correct, Your Honor. It would require an affirmation of the Veterans Court's decision. While Mr. Reusser doesn't directly challenge the finding that there was no increase in severity in his pre-existing right wrist injury, it is what is compelling in his case. He disagrees with it. And as my colleague has stated today, disagreement with that, by citing facts that Mr. Reusser believes shows that there was an increase in severity, which would then require an attachment of the presumption of aggravation and then have a requirement for rebuttal. However, as the 1966 Regional Office stated, quote, there was no increase in severity in the basic pre-existing right wrist pathology. And that's at J.A. 74. The Board affirmed this, finding no error, finding no cue, saying that this is essentially a challenge to a weighing of the evidence. I think the strongest point that your friend on the other side could make is that he comes in with the wrist injury, he works for five years with the wrist injury, and then he's discharged for disability. So if he didn't have a disability that would stop him from participating in service and actively participating in service when he came in, but he's discharged for disability, how can that not be an accusation? Well, first to start off, Your Honor, since it's not a fact finder here, it doesn't have jurisdiction to go and re-weigh this evidence and determine whether or not, in his opinion, Mr. Meusser suffered an aggravation, suffered an increase in severity during his time at the Navy. That aside, both the Board and the Veterans Court looked at this evidence, since they do look at facts, and found that there was no cue, that there was, the Board said, an issue of weighing of evidence, that there was some evidence against increase in severity and some evidence for an increase in severity. And the Veterans Court found, quote, a reasonable fact finder could have found that there was no increase in the severity of the condition. And this is at JA-12. And to go into the weeds here and to go into the facts just to ease the Court's mind, what to look at when we're looking at whether there's an increase in severity is whether there's an increase in the actual disability. Mr. Meusser had a fractured wrist when he entered the service. He left the service with a fractured wrist. There is not a reasonable fact finder could find that, based upon the different evidence in the record, that the pathology of that injury did not change during that time. Now, he might have experienced symptoms while in the Navy that made it difficult for him to work. There was no increase in the actual pathology, no increase in the fracture itself, just pain. And there is, in the record at JA-64, evidence that he suffered pain ever since his injury back in 1957 while playing football before he was in the Navy. Now, my colleague says that the regional office decision says something but tells us nothing. And the point that I've been making here today so far is that respectfully, it tells us the one fact, the one factual predicate that is dispositive of this case, that there was no increase in severity during his service. That finding precludes the attachment of the presumption of aggravation because to have a presumption of aggravation there must be an increase in disability. A pre-existing injury or disease will be considered to have been aggravated by active military, naval, or air service where there is an increase in disability during such service. And that is 38 U.S.C. 1153. Without the attachment of the presumption of aggravation there can be no requirement to have any rebuttal with a specific finding and since there is no requirement to rebuttal there can be no cue because of a failure to rebut. Just one note on the Davis case which you soft-talked with my colleague while again this is getting into the facts and we do believe that the facts are set and the factual predicate is there has been no increase in severity. Davis does apply to this case the Torce case which predates Davis from 1957 or so held the same thing held that in order to have an increase in severity there must be an actual increase in the pathology of the of the disability as opposed to just continuance and flare-ups of the actual injury itself. So if there are no further questions we respectfully request that the court for a decision of the Veterans Court. Thank you Mr. Grimaldi Ms. Phillips has 3 minutes and 4 seconds left Thank you Your Honor To address a few points that my friend made for the VA the incorrect legal standard here resulted in harmful error and that's how we get into the facts because it resulted in harmful error we are asking that this court reverse and order the Secretary to revise the 1966 rating decision Do you agree though that there's no obligation to provide the statement of reasons as it relates to the natural progression of the disease if there was no aggravation? Your Honor I agree that that correctly states the law but that does not that is not the situation here Okay well let me just refer you to J.A. 74 the evidence clearly and unmistakably establishes that the non-united fracture of right wrist existed prior to service. There was no intercurrent disease or injury of right wrist in service. There was no increase in severity in the basic pre-existing risk pathology How do you and it says surgical treatment in service was for remedial purposes and not per se considered service connection on the basis of aggravation So they find expressly find no aggravation And this is where the clear and unmistakable error occurs in this rating decision If you look at the record on page 59 the medical doctor who evaluated him said yes he had a wrist fracture back in before service but he had no pain for a couple of years and then he prolonged finger motion The record at page 61 also says and this is the clinical record on 61 also says he had no difficulty for several years then he developed pain on wrist motion or prolonged finger motion as in typing The record again at page 62 says the same thing The record is replete with examples of how his injury was aggravated and the RO the RO rating decision reflects clear and unmistakable error which is a legal question that this court has jurisdiction to decide The evidence shows that the RO's decision on its face is wrong that it is a legal standard that it fails to meet that there is clear and unmistakable error No reasonable fact finder could find no aggravation after as your honor mentioned he worked as a typist for five years and has no issues and then over the course of two years developed pain so severe this is not a temporary flare up I'll note that Davis was talking about a psychiatric condition schizophrenia which is very different than a wrist fracture there is no flare up of a wrist fracture the issue was that his injury got worse and was aggravated by service and because of this we respectfully request this court to reverse the veterans court and revise, order the secretary to revise the 1956 rating decision  All rise